UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TOWN OF WATERPROOF, MAYOR BOBBY D. HIGGINBOTHAM, AND ANNIE WATSON | CIVIL ACTION NO. 09-2171 |
| | JUDGE ROBERT G. JAMES |
| VERSUS | |
| | MAG. JUDGE KAREN L. HAYES |
| RICKEY A. JONES, SHERIFF, ET AL. | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiffs' Emergency Motion for a Temporary Restraining Order ("Motion for a TRO") and Preliminary Injunction [Doc. No. 2]. Plaintiffs Mayor Bobby D. Higginbotham ("Higginbotham") and Annie Watson ("Watson") filed the underlying Complaint [Doc. No. 1] and Motion for TRO *pro se*, on behalf of themselves and the Town of Waterproof. They seek to enjoin Defendants Rickey A. Jones, Sheriff; Ernest Sikes, Clerk of Court; James A. Paxton, District Attorney; James Caldwell, Attorney General; Robert Rushing; Ernest T. Spillman; Caldwell A. Flood; Edna Cooper; Elizabeth Cooper; George Taylor, Lionel Travers, Jr.; Tanya Hartley-Barlow; Joy Jackson; Louisiana State Police; and Other Unnamed Defendants.

For the following reasons, the Motion for a TRO is DENIED.

First, to the extent that Higginbotham and Watson purport to represent the Town of Waterproof, their Motion for TRO is DENIED. Initially, the Court has concerns whether they have authority to act on behalf of the Town under the circumstances. Regardless, however, the Town cannot be represented by two non-lawyers. Higginbotham and Watson can represent themselves *pro se*, but they cannot represent another person or entity. If the Town wishes to join in this Complaint, then it must proceed through an attorney.

The Court must also address the individual claims of Higginbotham and Watson. In their Complaint [Doc. No. 1], they bring suit for civil rights violations under 18 U.S.C. §§ 1983 and 1985 on the basis that Defendants' actions between September 25, 2008, and September 14, 2009, have resulted in a "coup d'etat [sic] . . . in violation of 10 U.S.C. §§ 331-335." Watson alleges only that she was arrested on September 25, 2008, by Sheriff Jones for allegedly refusing to allow him into "the non-public area of Town Hall without a warrant." [Doc. No. 2, p. 2, ¶ 1].

Higginbotham raises a number of allegations against Defendants. First, Higginbotham alleges that he was arrested by Sheriff Jones on March 16, 2009, because he had "Chief Jenkins arrest [Defendant] Tanya Phelps-Hartley-Barlow for trespassing." [Doc. No. 2, p. 2, ¶2]. Second, Higginbotham alleges that Sheriff Jones arrested him on June 5, 2009, because he was told that "Higginbotham sent people to a building to burglarize it." [Doc. No. 2, p. 2, ¶ 3]. Third, Higginbotham alleges that the Board of Aldermen improperly declared the Mayor's seat vacant on September 14, 2009, based on an opinion from Defendant Attorney General James Caldwell. As a result, Sheriff Jones told Higginbotham that he was required to leave the Town Hall office or face arrest. [Doc. No. 2, p. 2-3, ¶¶ 4-5]. Fourth, Defendant Caldwell Flood was sworn in as Mayor on September 24, 2009, without validation of the actions of the Board of Aldermen. [Doc. No. 2, p. 3, ¶8]. Fifth, on September 29, 2009, Sheriff Jones had the Louisiana State Police remove Higginbotham from a meeting at Town Hall. Higginbotham admits that there is a matter pending in the Sixth Judicial District Court, but contends that no action has been taken. Therefore, Higginbotham seeks a TRO in this Court.

Watson and Higginbotham contend that enjoining Defendants "from interfering with [them] in the discharge of their duties will cause no harm to the defendants, but will guarantee the civil

rights and equal protection of plaintiffs and the duly elected Mayor for the Town of Waterproof" and that a TRO "will serve the public interest." [Doc. No. 2, pp. 4-5, ¶¶ 10, 12].

To obtain a temporary restraining order, Higginbotham and Watson must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest.  *See ICEE Distributors, Inc. v. J & J Snack Foods Corp.*, 325 F.3d 586, 597 n. 34 (5th Cir. 2003).  Normally, if a party cannot prove all four elements, a court must deny the injunctive relief since "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).  "However, if a statutory violation is involved and the statute by necessary and inescapable inference requires injunctive relief, the movant is not required to prove the injury and public interest factors." *United States v. FDIC*, 881 F.2d 207, 210 (5th Cir. 1989) (citing *Amoco Production Co. v. Village of Gambell, Alaska*, 107 S.Ct. 1396, 1402-03 (1987); *United States v. Hayes International Corp.*, 415 F.2d 1038, 1045 (5th Cir.1969)).

The Court first notes that these matters have been ongoing for more than one year, and the majority of the complained-of actions took place in September 2009, three months ago.  Watson's arrest took place more than one year ago.  Thus, this matter does not appear to require the urgency normally contemplated with a request for a TRO.

Additionally, the Court does not believe that Higginbotham and Watson can show at this point that they have a substantial likelihood of success on the merits without further evidence and,

perhaps, a resolution of the state court litigation.[1]

Contrary to Higginbotham and Watson's argument, there does not appear to be a statutory violation requiring injunctive relief. The statutes cited, 10 U.S.C. §§ 331-335, allow the President of the United States to provide federal assistance to states, including military assistance, in controlling civil disorder. There is certainly no evidence or facts presented to show that these statutes are applicable to the relief requested in this Court.

Finally, given the Court's finding that there is no statutory authority waiving the element of irreparable harm, Higginbotham and Watson must meet their showing on that element and, procedurally, they must show that irreparable injury will occur before the Court can hear from the parties in opposition. FED. R. CIV. P. 65(B). Higginbotham and Watson do not appear to have given notice to the Defendants, and, more importantly, the Court finds no irreparable injury will occur to the individual Plaintiffs. At worst, they have been improperly removed from their positions, subjected to unlawful or improper arrests, and can seek damages and/or reinstatement. Thus, they cannot meet there burden of showing irreparable injury.

Accordingly, IT IS ORDERED that Plaintiffs' Motion for a TRO is DENIED.

---

[1] While the facts of the pending state court proceedings are not before the Court, it may be that under *Younger v. Harris*, 401 U.S. 37 (1971), and its companion cases, this Court must abstain from granting either injunctive or declaratory relief based on the pending state court proceedings. "Younger abstention is generally deemed appropriate where assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993).

The Court will set a status conference with the parties after the holidays.

MONROE, LOUISIANA, this 23rd day of December, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE