# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **BOBBY HIGGINBOTHAM ET AL.** | * | **CIVIL ACTION NO. 09-2171** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **RICKEY JONES ET AL.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss filed by defendants Louisiana State Police ("LSP") and Louisiana Attorney General James D. "Buddy" Caldwell ("Caldwell").  Doc. # 23.  For reasons stated below, it is recommended that the motion be **GRANTED.**

## BACKGROUND

On December 23, 2009, plaintiffs Anne Watson and Bobby Higginbotham ("Higginbotham"), Mayor of the Town of Waterproof, Louisiana, filed a complaint alleging various claims against various defendants.  Their claim against the LSP alleged that LSP officers removed Higginbotham from a Waterproof town hall meeting in violation of 42 U.S.C. § 1985. Doc. # 1 at ¶ 29.  Plaintiffs also submitted claims against Caldwell while he served as District Attorney of Madison, East Carroll, and Tensas Parishes as well as in his present position of Attorney General of the State of Louisiana.  Plaintiffs' claim against District Attorney Caldwell alleged that Caldwell's decision to arrest and prosecute Higginbotham for ordering the cutting of overgrown weeds on the property of two Waterproof residents was in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  *Id.* at ¶ 16.  Plaintiffs' claim against Attorney General Caldwell

alleged that the Board of Alderman of Waterproof relied on an Attorney General's Opinion authored by Caldwell in declaring the Mayor's seat occupied by Higginbotham to be vacant.  *Id.* at ¶ 24.

On February 2, 2010, the defendants filed their motion to dismiss.  Doc. # 23.  They contend that the LSP is not a juridical entity capable of being sued under § 1983 and also that the Eleventh Amendment bars plaintiffs from suing the LSP or Attorney General Caldwell in federal court.  *Id.* at 1 - 4.  Defendants further argue that plaintiffs' complaint does not include sufficient factual allegations against either the LSP or Attorney General Caldwell to state a claim upon which relief can be granted.  *Id.*  at 3 - 5.  In addition, defendants argue that plaintiffs' claim against District Attorney Caldwell is barred by prosecutorial immunity.  *Id.* at 5.  Finally, defendants assert that plaintiffs' allegations that Caldwell was involved in conspiracies in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985 do not state claims upon which relief can be granted.  *Id.* at 6.

## LAW AND ANALYSIS

### I. Claims against the Louisiana State Police

Plaintiffs' claim against the LSP specifically alleges that LSP officers violated 42 U.S.C. § 1985(3), Conspiracy to Interfere with Civil Rights, when, at the behest of Sheriff Rickey Jones ("Jones"), they removed Higginbothom from a Waterproof town hall meeting.  Doc. # 1 at ¶ 29.

Section 1985(3) prohibits "two or more persons" from conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."  42 U.S.C. § 1985(3).  A state agency such as the LSP does not qualify as a "person" for purposes of 42 U.S.C. §§ 1983, 1985, or 1986.  *Lockett v. New Orleans City*, 639 F.

Supp. 2d 710, 723 (E.D. La. 2009); *Hyatt v. Sewall*, 197 Fed. Appx. 370, at *3 (5th Cir. 2006).

Thus, the undersigned initially observes that the LSP is not a juridical entity capable of being

sued under 42 U.S.C. § 1985(3).

Furthermore, the Eleventh Amendment precludes actions for monetary or injunctive relief

brought against a state in federal court by its own citizens or citizens of another state, absent

consent, waiver or abrogation of the state's sovereign immunity.  *See* U.S. CONST. amend. XI;

*Edelman v. Jordan*, 415 U.S. 651, 662  (1974).  By statute, Louisiana has refused any such

waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  LA.

REV. STAT. ANN. § 13:5106(A).  The LSP is a state agency, and, as such, is in essence an alter

ego of the State of Louisiana.  La .Rev.Stat.Ann. § 40:1301; *see also Noble v. Norfolk Southern

Corp.*, 2003 U.S. Dist. LEXIS 4838, at *22 (E.D. La. Mar. 26, 2003).  Accordingly, the LSP is

immune from suit in this court and plaintiffs' claims against it must be dismissed.  *Id.*; *Francis v.

Terrebonne Parish Sheriff's Office*, 2008 U.S. Dist. LEXIS 111879, at *4-5 (E.D. La. Dec. 31,

2008).

## II. Claims against the Attorney General

Plaintiffs' claim against Attorney General Caldwell alleges that the Waterproof Board of

Aldermen declared the mayor's seat occupied by Higginbotham to be vacant without any "facts

or testimony supporting the decision," and that in doing so the Board relied upon an Attorney

General's Opinion authored by Caldwell.  Doc. # 1 at ¶ 24.

As an initial matter, the undersigned observes that plaintiffs' claim seems to be against

Attorney General Caldwell in his official capacity because it relates to an action - writing an

Attorney General's opinion - that Caldwell performed in his official capacity.  Assuming

3

plaintiffs' claim to be an official capacity claim, it is, like the plaintiffs' claim against the LSP, barred by the Eleventh Amendment.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suits against a state official in his official capacity are treated as suits against the state and are therefore barred by the Eleventh Amendment).  Assuming plaintiffs' claim is against Attorney General Caldwell in his individual capacity, it is not barred by the Eleventh Amendment, but it should nevertheless be dismissed because it does not state a claim upon which relief can be granted.  Although plaintiffs do not specify the nature of their claim against Attorney General Caldwell, this court will evaluate it under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), the two statutes under which plaintiffs allege claims against other defendants in their complaint.

Section 1983 claims must meet a heightened pleading standard in order to survive a motion to dismiss.  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).  Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation."  *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).  Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged."  *Jacquez*, 801 F.2d at 793.

On the other hand, in order to state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege that (1) defendants were involved in a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or persons of the equal protection of the laws;

and (3) that defendants acted in furtherance of the object of the conspiracy, whereby (4) the plaintiff was either injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). The Supreme Court clarified that the second element requires an allegation that the defendant acted with either racial or class-based animus. *Id.* at 102.

Construing plaintiffs' *pro se* claim liberally, the undersigned cannot say that plaintiffs have stated a cause of action against Attorney General Caldwell under § 1983. Plaintiffs do not allege that Attorney General Caldwell was "personally involved" in the decision by the Waterproof Board of Alderman to declare the mayor's seat occupied by Higginbotham to be vacant. *See Texas Collin County*, 535 F.3d at 373. Moreover, the mere authoring of an Attorney General's opinion in itself cannot qualify as a "wrongful action" for purposes of stating a cause of action under § 1983. *See id.* Plaintiffs have thus failed to state a cause of action against Attorney General Caldwell under § 1983 because they did not "enunciate a set of facts" which illustrates that Attorney General Caldwell actually "participat[ed] in the wrong alleged." *See Jacquez*, 801 F.2d at 793.

Plaintiffs have also failed to state a cause of action against Attorney General Caldwell under § 1985(3). Plaintiffs' complaint is devoid of any non-conclusory factual allegations that the Board of Alderman's decision to declare Higginbotham's seat to be vacant was driven by either a racial or class-based animus. *See Griffin*, 403 U.S. at 102.

### III. Claims against the District Attorney

Plaintiffs' claim against District Attorney Caldwell alleges that Caldwell authorized the arrest and prosecution of Higginbotham for ordering the cutting of overgrown weeds on the

property of two Waterproof residents.  Doc. # 1 at ¶ 16.  Plaintiffs allege that District Attorney

Caldwell violated §§ 1983 and 1985(3) in doing so because "he was being paid by the very

landowners whose property was overgrown and violated town ordinance[s]."  *Id.*

The Supreme Court has recognized that prosecutors have absolute immunity under §

1983 in the performance of their official functions.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31

(1976).  These functions include those acts "intimately associated with the judicial phase of the

criminal process" such as evaluating evidence and interviewing witnesses in preparation for trial.

*Burns v. Reed*, 500 U.S. 478, 492 (1991).  The official functions of a prosecutor also include

deciding whether to arrest an individual as well as whether to prosecute an individual - whether

to bring charges and pursue a conviction against an individual in court.  *Kerr v. Lyford*, 171 F.3d

330, 338 (5th Cir. 1999); *Imbler*, 424 U.S. at 424.  Thus, so long as a prosecutor performs an

official function, he is immune under § 1983, regardless of his motivation.  *Rykers v. Alford*, 832

F.2d 895 (5th Cir. 1987) (prosecutors have absolute immunity under § 1983 even when they act

maliciously, wantonly, or negligently).  Finally, this court recognizes the same immunity for a

prosecutor's actions under § 1985(3) as it does for a prosecutor's actions under § 1983.

*Rousselle v. Perez*, 293 F. Supp. 298 (E.D. La. 1968); *Vakilian v. Shaw*, 302 Fed. Appx. 350, at

*17-20 (6th Cir. 2008); *Halpern v. New Haven*, 489 F. Supp. 841, 844 (D. Conn. 1980) ("The

few reported decisions dealing with the specific question of prosecutorial immunity from § 1985

liability are in accord with this Court's conclusion that the parameters of such immunity are the

same under both §§ 1983 and 1985.").

Plaintiffs' claim against District Attorney Caldwell relates to his decision to arrest and

prosecute Higginbotham, and thus is barred by the absolute immunity that attached to Caldwell

6

in performing these official functions.  Furthermore, to the extent that plaintiffs allege that Caldwell's relationship with the two Waterproof residents whose weeds were ultimately cut created a conflict of interest, plaintiffs' claim against Caldwell would still be barred.  In a case with similar facts to this one, the Fifth Circuit held that a prosecutor's conflict of interest did not negate the prosecutor's absolute immunity because absolute immunity "is justified and defined by the functions that it protects and serves, not by the motives with which a particular officer performs those functions."  *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991).

**IV. Conspiracy Claims**

Defendants seek dismissal of all of plaintiffs' conspiracy claims against Caldwell. Assuming that plaintiffs' complaint alleges conspiracy claims against Caldwell that have not been previously disposed of in this report and recommendation, dismissal is warranted because these claims do not include factual allegations that Caldwell or his alleged co-conspirators acted with the necessary racial or class-based animus required by 42 U.S.C. § 1985(3).  *See Griffin*, 403 U.S. at 102.

**CONCLUSION**

For the above assigned reasons,

It is recommended that (1) defendants' motion to dismiss (Doc. #23) be **GRANTED** and that plaintiffs' claim against the Louisiana State Police be **DISMISSED, with prejudice** on the basis that the Louisiana State Police is not a juridical entity capable of being sued under 42 U.S.C. § 1983; (2) plaintiffs' claim against Attorney General Caldwell in his official capacity be **DISMISSED**, **without prejudice** as barred by the Eleventh Amendment; (3) plaintiffs' claim against Attorney General Caldwell in his individual capacity be **DISMISSED, with prejudice**

for failure to state a claim upon which relief can be granted; and (4) plaintiffs' claim against District Attorney Caldwell in his official capacity be **DISMISSED, with prejudice** as barred under the doctrine of prosecutorial immunity**.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this Ninth day of March, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE