IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BOBBY HIGGINBOTHAM ET AL.** | * | **CIVIL ACTION NO. 09-2171** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **RICKEY JONES ET AL.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is an unopposed motion to dismiss filed by the Town of Waterproof's Town Clerk and its Town Attorney, Tonya Barlow ("Barlow") and Joy Jackson ("Jackson"), respectively, as well as by the members of the Waterproof Board of Aldermen - Edna Cooper, Elizabeth Cooper, George Taylor, Lionel Travers, Bobby Wilkerson, and Caldwell Flood ("Flood").  Doc. # 25.  For reasons stated below, it is recommended that the motion be **GRANTED**.

BACKGROUND

On December 23, 2009, pro se plaintiffs Anne Watson and Bobby Higginbotham ("Higginbotham"), Mayor of Waterproof, filed a complaint alleging various claims against various public officials.

Plaintiffs' claim against the members of the Waterproof Board of Aldermen, Edna Cooper, Elizabeth Cooper, George Taylor, Lionel Travers, Bobby Wilkerson, and Caldwell Flood, alleged that they denied Higginbotham access to the town's bank account after the Board declared that Higginbotham was no longer Mayor of Waterproof, despite the absence of "facts or testimony supporting" the Board's action.  Doc. # 1 at ¶¶ 24, 27.  Defendants seek to dismiss this

claim on the dual basis that the Board of Aldermen does not have the procedural capacity to be sued and that plaintiffs' claim against the Board's members does not state a claim upon which relief can be granted.

Plaintiffs' complaint also names Waterproof's Town Clerk and its Town Attorney, Tonya Barlow and Joy Jackson, respectively, as defendants. Defendants also seek to dismiss these claims for failing to state a claim upon which relief can be granted.

The time for responses has long since passed, and no opposition to the motion has been filed. The matter is now ripe.

## LAW AND ANALYSIS

**I. 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a plaintiff pleads factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.*

**II. Claims against the Members of the Board of Aldermen**

Plaintiffs' claim against the members of the Board of Aldermen specifically alleges that Higginbotham is entitled to a remedy under 42 U.S.C. § 1985(3) because the Board declared the mayor's seat occupied by Higginbotham to be vacant without any "facts or testimony" supporting this decision, and then subsequently denied Higginbotham's access to the town's bank account. Doc. # 1 at ¶¶ 24, 27.

To the extent that plaintiffs seek to hold the members of the Board of Aldermen liable under § 1985(3), their claim must be dismissed. In order to state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege that (1) defendants were involved in a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or persons of the equal protection of the laws; and (3) that defendants acted in furtherance of the object of the conspiracy, whereby (4) the plaintiff was either injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). The Supreme Court clarified that the second element requires an allegation that the defendant acted with either racial or class-based animus. *Id.* at 102.

Plaintiffs' claim does not include an allegation that the Board members' decision to declare Higginbotham's seat to be vacant was driven by either a racial or class-based animus. Ordinarily, this court allows pro se plaintiffs to amend their complaints to cure deficiencies such as this one. *See Dark v. Potter*, 293 Fed.Appx. 254, 256 (5th Cir. 2008). However, plaintiffs have not opposed this motion and did not oppose a previous motion to dismiss [doc. # 23] filed by other defendants in this same lawsuit. As plaintiffs have shown no interest in opposing either

3

motion to dismiss or in amending their complaint when the deficiencies in same have been pointed out to them, the undersigned sees no reason to prolong this matter further to await the apparently unlikely possibility that plaintiffs will file an amended complaint which might correct the deficiencies. Accordingly, as plaintiffs do not state a claim under § 1985(3), dismissal is recommended.[1]

Although not specifically referenced in the defendants' motion, Plaintiffs' complaint also arguably attempts to bring a procedural due process claim against the members of the Board of Aldermen in that it contends that the Board declared Higginbotham's mayoral seat vacant in the absence of any "facts or testimony" supporting the decision. However, Plaintiffs' procedural due process claim is at best conclusory and is insufficient to state a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Again, in the absence of an opposition to the motion to dismiss, or any attempt to correct the deficiencies in the complaint, the undersigned recommends dismissal of this claim as well. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).[2]

Finally, the undersigned recommends dismissal of plaintiffs' claims, if any, against the

---

[1] In their motion, defendants also argued that plaintiffs' claim against the Board of Aldermen should be dismissed not only because the claim does not satisfy the pleading requirement of § 1985(3), but also because the Board lacks the procedural capacity to be sued because the Board does not qualify as a "person" subject to suit under § 1985(3). However, plaintiffs' claim is against the members of the Board of Aldermen in their individual capacities, not the Board itself, and the members of the Board are clearly "persons" subject to suit in their individual capacities under § 1985(3). *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[2] The Fifth Circuit has held that a "district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *see also McCoy v. Wade*, 2007 U.S. Dist. LEXIS 29467, at *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

members of the Waterproof Board of Aldermen under 42 U.S.C. § 1983. The remedy set forth in § 1983 "encompasses violations of rights secured by federal statutory as well as constitutional law." *Lewis v. Jindal*, No. 09-31000, 2010 U.S. App. LEXIS 4830, at *3 (5th Cir. Mar. 8, 2010). As the only possible violation of federal statutory or constitutional law that plaintiffs assert against the Board's members is the legally insufficient procedural due process claim discussed above, plaintiffs do not state a § 1983 claim against the members of the Board of Aldermen.

### III. Claims against Barlow and Jackson

Although Town Clerk Barlow and Town Attorney Jackson are named as defendants in this action, plaintiffs' complaint fails to state cognizable claims against either of them. Plaintiffs do not mention Jackson at all in the complaint, except to name her as a defendant. As for Barlow, the only allegations mentioning her are as follows: "On March 16, 2009, Sheriff Rickey A. Jones arrested Mayor Higginbotham when he attempted to restore order at his Town Hall office on March 13, 2009, for having Chief Jenkins arrest Tanya Phelps-Hartley-Barlow for trespassing. Sheriff Rickey A. Jones un-arrested Ms. Phelps-Hartley-Barlow which constituted interference with a police officer in the discharge of his official duty." Doc. # 1 at ¶ 22. This paragraph does not allege that Barlow harmed Higginbotham in any way, and to the extent that plaintiffs are attempting to allege a § 1983 or § 1985 action against Barlow, the paragraph does not allege that Barlow violated any of Higginbotham's federal statutory or constitutional rights. Plaintiffs therefore do not state valid claims against either Jackson or Barlow, and this action should be dismissed as to them as well.

### CONCLUSION

For the above assigned reasons,

5

**IT IS RECOMMENDED** that defendants' motion to dismiss (Doc. #25) be **GRANTED**, **DISMISSING** plaintiffs' claims against Edna Cooper, Elizabeth Cooper, George Taylor, Lionel Travers, Bobby Wilkerson, Caldwell Flood, Tonya Barlow, and Joy Jackson, **with prejudice and at their cost.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 23rd day of March, 2010.

_____<br>
KAREN L. HAYES<br>
U. S. MAGISTRATE JUDGE