U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV - 1 2010

TONY R. MOORE, CLERK
BY_____
         DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **TOWN OF WATERPROOF, ET AL** | **09-CV-2171** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **RICKEY A. JONES, ET AL** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Doc. #62] filed on behalf of Defendants, Rickey A. Jones, Robert Rushing, and Ernest T. Spillman, pursuant to Federal Rule of Civil Procedure 56. Plaintiffs have not opposed this motion. For the reasons assigned herein, the motion for summary judgment is **GRANTED**.

## BACKGROUND

On December 23, 2009, plaintiffs, Bobby D. Higginbotham ("Higginbotham") and Annie Watson ("Watson"), filed this suit against a host of defendants.[1] Relevant to the remaining defendants, plaintiffs asserted that they had been arrested by Sheriff Rickey A. Jones on multiple occasions. On September 25, 2008, Jones allegedly arrested Watson when she refused to allow him entry into the Waterproof Town Hall without a warrant. [Doc. #1 at 5]. On March 16, 2009, Jones allegedly arrested Higginbotham at his town hall office when Higginbotham had a person arrested for trespassing. [Id.]. On June 5, 2009, Jones allegedly had Higginbotham arrested for sending people

---

[1] The Town of Waterproof was also listed as a plaintiff but has been terminated as such because it could not proceed without an attorney. Additionally, Louisiana State Police [Doc. #46], James Caldwell [Doc. #46], George Taylor [Doc. #47], Edna Cooper [Doc. #47], Joy Jackson [Doc. #47], Elizabeth Cooper [Doc. #47], Caldwell A. Flood [Doc. #47], Tonya Hartley-Barlow [Doc. #47], Lionel Travers [Doc. #47], James A. Paxton [Doc. #53], and Ernest Sikes [Doc. #56] have been dismissed as defendants.

to a building to burglarize it. [Id.]. On September 14, 2009, Jones allegedly told Higginbotham that

if he did not leave his town hall office he would be arrested. [Id. at 6]. Higginbotham has been out

of his office since. [Id.]. On September 29, 2009, Jones allegedly had Louisiana State Police escort

Higginbotham from a town hall meeting over which he was to preside. [Id. at 7]. Based on these

actions by Sheriff Jones, plaintiffs raise claims under 42 U.S.C. §§ 1983 and 1985.[2]

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the

suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91

L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury

could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences

most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*,

784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its

motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The

---

[2]Plaintiffs also raise a RICO claim in the amorphous statement "A criminal empire has been set up in the Louisiana Delta aided by those In [sic] charge of law enforcement designed to deprive African-Americans of their Civil Rights by ruling harsher penalties against the poor and less fortunate" [Doc. 1 at 5]. It is not clear this claim applies to the defendants at hand. To the extent it does plaintiffs have failed to present sufficient evidence to survive summary judgement, thus any RICO claims against defendants Jones, Rushing, and Spillman, are DISMISSED WITH PREJUDICE.

moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## DISCUSSION

Claims against Rushing and Spillman

Defendants contend that plaintiffs have not made any claims against defendants Rushing and Spillman. [Doc. #62-1 at 7]. An examination of plaintiffs' complaint reveals no allegations against Rushing and Spillman other than their inclusion as defendants. Further, plaintiffs have offered no evidence to suggest any action, much less wrongdoing, against plaintiffs on the part of Rushing and

Spillman. No genuine issue of material fact exists to suggest liability on the part of Rushing and Spillman. For that reason, defendants' motion for summary judgment is GRANTED. Plaintiff's claims against Robert Rushing and Ernest T. Spillman are DISMISSED WITH PREJUDICE.

Claims by Watson

No statute of limitations exists for actions brought under 42 U.S.C. § 1983. Instead, federal courts borrow the forum state's general personal injury limitation period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). In Louisiana, the applicable prescriptive period is one year. La. Civ. Code Ann. art. 3492; *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Federal law, not state law, determines when the cause of action accrues and the prescriptive period begins to run. *Wallace* at 388 ("the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original); *Jacobsen* at 319. "[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action.... that is, when the plaintiff can file suit and obtain relief." *Wallace* at 388 (internal quotations and citations omitted). *See also Adepegba v. Louisiana*, 41 F.3d 663, 663 (5th Cir. 1994) ("Under federal law, a cause of action accrues at the time the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *Madis v. Edwards*, 347 Fed.Appx. 106, 108 (5th Cir. 2009). "For the purposes of a federal civil rights action, plaintiff's illegal search and seizure and false arrest claims accrued... when the alleged constitutional violations occurred." *Harris v. Orleans Dist. Attorney's Office*, 2009 WL 3837618, at *3 (E.D.La. Oct. 13, 2009) (citing *Wallace*).

Watson only raises one allegation in the original complaint–that "[o]n September 25, 2008, Sheriff Rickey A. Jones arrested Ms. Annie Watson for refusing to let him into Town Hall without a warrant." [Doc. #1 ¶ 21]. Any claim based on this arrest would have to be brought within one year

of September 25, 2008.[3] Plaintiffs did not file this suit until December 23, 2009. Therefore, Watson's false arrest claim has prescribed under Louisiana Civil Code Article 3492. For that reason, Defendants' motion for summary judgment is GRANTED, and Watson's claim is DISMISSED WITH PREJUDICE.

Claims against Jones in His Official Capacity

A claim against a municipal official in his official capacity is treated the same as a claim against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). Municipalities, though, are not liable for constitutional torts under § 1983 based on a theory of *respondeat superior*. *McCall v. Peters*, 2003 WL 21488211 at *10 (N.D.Tex. May 12, 2003) ("[§ 1983] liability does not attach merely because a city employed a tortfeasor") (citing *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995)). Instead, municipalities "can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Johnson v. Louisiana*, 2010 WL 996475 at *11 (W.D.La. March 16, 2010) (quoting *Monell* at 694). "To succeed on a *Monell* claim against a local government entity, the plaintiff must establish (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.* (citing *McGregory v. City of Jackson*, 335 Fed.Appx. 446, 448 (5th Cir. 2009)). Without an allegation of a municipal custom or policy upon which a municipal authority acted there can be no § 1983 relief. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1984).

As defendants point out, Higginbotham has failed to assert a municipal policy or custom that

---

[3]Watson offers no evidence to suggest any tolling of the prescriptive period on this claim.

led to their injuries. Likewise, he has not shown any connection between Jones and such a policy. Higginbotham's complaint is devoid of an assertion of a municipal policy or custom sufficient to raise a *Monell* claim. Therefore, defendants' motion for summary judgment is GRANTED. Higginbotham's claims against Rickey A. Jones in his official capacity are DISMISSED WITH PREJUDICE.

Claims against Jones in His Personal Capacity

Defendant Jones specifically pleaded the affirmative defense of qualified immunity in his answer to plaintiffs' complaint. [Doc. #12 at 7]. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2005). "Accordingly, this court's task is to examine the summary judgment record and determine whether [plaintiff] has adduced sufficient evidence to raise a genuine issue of material fact suggesting (1) that [Sheriff Jones's] conduct violated an actual constitutional right; and (2) that [Sheriff Jones's] conduct was objectively unreasonable in light of law that was clearly established at the time of his actions." *Id.*

Plaintiff Higginbotham has failed to provide any evidence, much less evidence that raises a genuine issue of material fact. There is no proof that Sheriff Jones violated a constitutional right by arresting Higginbotham without probable cause. Plaintiff only alleges that he was arrested, and he has not offered summary judgment proof to support his assertion that the arrests violated his constitutional rights. Higginbotham also provides no proof or argument that Sheriff Jones acted in an objectively unreasonable manner considering the clearly established law at the time of the arrests. For these reasons, Higginbotham fails to overcome Jones's assertion of qualified immunity. As such, defendants' motion for summary judgment is granted, and Higginbotham's claims against Jones in his personal capacity are DISMISSED WITH PREJUDICE.

42 U.S.C. § 1985 Conspiracy Claims

Five elements are necessary to state a cause of action under 42 U.S.C. § 1985(3):

> 1) the defendants conspired 2) for the purposes of depriving, either
> directly or indirectly, any person or class of persons of the equal
> protection of the laws, or of equal privileges and immunities under
> the laws; and 3) one or more of the conspirators committed some act
> in furtherance of the conspiracy; whereby 4) another is injured in his
> person or property or deprived of having and exercising any right or
> privilege of a citizen of the United States; and 5) the action of the
> conspirators is motivated by a racial animus.

*Wong v. Stripling*, 881 F.2d 200, 202-203 (5th Cir. 1989). Here, plaintiffs have not offered summary

judgment proof of any element of a § 1985 claim. Therefore, there are no genuine issues of material

fact to preclude summary judgment. Plaintiffs' § 1985 claims are DISMISSED WITH PREJUDICE.

## CONCLUSION

Accordingly, for the reasons assigned above, defendants' motion for summary judgment is

**GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

7